UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED
2016 APR 25  AM 11: 32
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

David D. Austin II,
    Plaintiff,

V.                                            Case No. 15-CV-525-jdp

Judy P. Smith, Warden,
Oshkosh Correctional Institution,
Individually and In Her Official Capacity,

Edward Wall,
In His Individual Capacity,

Rexford Smith, Unit Manager, R-Unit,
Oshkosh Correctional Institution,
Individually and In His Official Capacity,

Jon Litscher, Secretary,
Wisconsin Department of Corrections,
In His Official Capacity,
                 Defendants.

**AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343 (3) and (4). The matter in controversy arises under 42 U.S.C. Section 1983.

2. Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred in the Wisconsin Department of Corrections, which has its offices in Madison, Wisconsin; which is located within the jurisdiction of the U.S. Western District Court for the State of Wisconsin.

3. At all relevant times herein, the above listed Defendants are "persons" for purposes of 42 U.S.C. Section 1983 and did act under color of law. The Defendants are deliberately indifferent to the unreasonable risk to the future health of the Plaintiff and all persons similarly situated by intentionally depriving the Plaintiff of 'Reasonable Safety' by exposing him and other inmates similarly situated to conditions that could cause serious injury or death, in violation of the Plaintiff's constitutional right under the VIII Amendment.(See e.g. **Farmer v. Brennan**, 511 U.S. 825, 843; 114 S. Ct. 1970; 128 L. Ed. 2d 811) Additionally, the Defendants are violating the Plaintiff's XIV Amendment right under the Equal Protection Clause by treating this Plaintiff and all other inmates similarly situated, a group of 'general population' inmates, arbitrarily worse than all other 'general population' inmates within the same institution without a legitimate penological interest. (See e.g. **Turner v. Safley**, 482 U.S. 78; 107 S. Ct. 2254; 96 L. Ed. 2d 64)

## I. PLACE OF PRESENT CONFINEMENT

Oshkosh Correctional Institution
R-Unit, South Wing, Cell 281L
1730 W. Snell Road
P.O. Box 3310
Oshkosh, WI 54903-3310

**A. Is there a grievance procedure in your prison/jail?**     Yes

**B. Have you filed a grievance concerning the facts relating to this complaint?**

Yes, a group complaint was filed which included 85 inmate signatures.

**C. If you have used the grievance process:**

    **1. Describe what you did and the result, if any.**

    ¶1    I filed a group complaint using the inmate complaint system. The complaint centered on the unofficial policy that the windows in R-Unit are to be covered with Plexiglas to deprive the general population inmates access to and use of their windows

without a legitimate penological interest, contrary to the Equal Protections Clause of the Fourteenth Amendment. I also pointed out that the Plexiglas that was screwed onto the window frames did create a secondary and unnecessary barrier to emergency ventilation or rescue in the event of a natural disaster or fire in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment. Carrie Spranger dismissed this group complaint on 1/29/2015 and the Defendant, Judy P. Smith, affirmed that dismissal on 2/04/2015.

¶2  I than filed a group offender complaint appeal to the corrections complaint examiner asserting that the Oshkosh Correctional Institution was intentionally violating the inmates 14th Amendment right under the Equal Protection Clause by arbitrarily treating a group of general population inmates worse than the other general population inmates. Additionally, the institution is unreasonably and unnecessarily risking the future health and life the those same inmates by depriving them the ability to open their windows for the purpose of emergency ventilation in the event of a fire and/or to be rescued through the window, by creating an unnecessary secondary barrier (i.e. a piece of Plexiglas over the windows) to the preservation of life in violation of the 8th Amendment Cruel and Unusual Punishment Clause.

¶3  On 3/11/2015, Welcome Rose dismissed the group appeal. On 3/16/2015, Deirdre Morgan, acting on behalf of the Secretary of the Department of Corrections Ed Wall, affirmed the dismissal of the group appeal, which now gives rise to the case at bar.

**D.    Is the grievance process completed?**

Yes

## II. AMENDED PARTIES

    A.    **PLAINTIFF**: David D. Austin II

    B.    **Prisoner I.D. Number**:   168446

    C.    **Your address**:   Oshkosh Correctional Institution
              1730 W. Snell Road
              P.O. Box 3310
              Oshkosh, WI 54903-3310

    D.    **DEFENDANT** Judy P. Smith is employed as the Warden of the Oshkosh Correctional Institution at 1730 W. Snell Road, Oshkosh, WI 54901.

    E.    **AMENDED ADDITIONAL DEFENDANTS:**

        Ed Wall, was employed as the Secretary for the Wisconsin Department of Corrections at 3099 East Washington Avenue, Madison, WI 53704

        Rexford Smith is employed as a Unit Manager for R-Unit, in the Oshkosh Correctional Institution at 1730 W. Snell Road, Oshkosh, WI 54901.

        Jon Litscher, is currently employed as the Secretary of the Wisconsin Department of Corrections at 3099 East Washington Avenue, Madison, WI 53704

## III. PREVIOUS LAWSUITS

    A.    **Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?**

        No

    B.    **Have you begun other lawsuits in state or federal court relating to your imprisonment?**

        No

## IV. AMENDED STATEMENT OF CLAIM

A. State as briefly as possible the facts of you case. Describe how each named defendant is involved. Include the names of other persons involved, dates, and places. Describe specifically the injuries incurred. Do not five legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

¶1    On November 22nd, 2014, I was transferred from general population unit "P" to general population unit "R". R-Unit is a wet cell unit, which means that the toilet is in the cell versus P-

Unit, where the bathroom is a common area that can be observed by the prison guards. The other difference between these two general population units is that P-Unit (as well as all other general population units (C, D, E, K, X, U, V, and Q Units) have windows in the cells that are accessible to the inmates and can be opened by them at any time of the year. (Although there are rules stating that inmates should not open their windows in the wintertime.) However, on R-Unit, the institution has chosen to screw a large piece of Plexiglas onto the window frame and bars that cover the windows to prevent the R-Unit general population inmates from accessing their windows. However, in the staff offices and in the common living areas, there is no Plexiglas over the windows and those windows can be opened by whoever is in the area.

¶2    I spoke with C.O. II Smith about "why" the windows were covered and he agreed that they should not be covered but stated that he lacked the authority to order the Plexiglas be removed.

¶3    I spoke with Defendant Rexford Smith, the Unit Manage of R-Unit about this issue, and he stated that he was a party to a prior suit related to the windows being covered in R-Unit, but the inmate lost the suit because the inmates were not entitled to "fresh air".[1] He did not intend to uncover the windows.

¶4    I then spoke with the other inmates that live on this unit and we agreed that it was an issue that needed to be addressed. I than drafted an inmate compliant which was then signed by 85 inmates including my signature. The nature of the complaint is that the general population inmates that live in R-Unit are being unequally treated to the other general population inmates within the institution in violation of the XIV Amendment. Additionally, the Plexiglas that was screwed onto the window frames now creates an unreasonable risk to the future health the

---

[1] Please note that I have researched all available case law as it related to this topic and I have not found any reference to any prior suit regarding the issues presented herein.

inmates and an unnecessary barrier to emergency ventilation and/or rescue in violation of the VIII Amendment.

**B.     AMENDED State briefly your legal theory or cite appropriate authority.**

¶1      The legal theory in this case is that all inmates in the same status (i.e. general population inmates) in an institution should be treated equally (14th Amendment Equal Protection Clause and 14th Amendment Substantive Due Process Clause; see also **City of Cleburne, Tex. v. Cleburne Living Center**, 473 U.S. 432, 439, 105 S. Ct. 3249 (1985)) and that an institution cannot single out a specific group of inmates to be treated arbitrarily worse than another group of inmates in the same classification status (i.e. general population to general population) within the same institution. Additionally, the institution cannot create a living condition that unreasonably risks the future health and/or life of the inmates without a legitimate penological interest. (See e.g. **Farmer v. Brennan**, 511 U.S. 825, 843; ("The question under the Eight Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health, and it does not matter whether the risk comes from a single source or multiple sources…")

¶2      In this case, the institution has intentionally singled out the inmates in R – Unit to be subjected to loss of access to cell windows; which subjects them to higher humidity and heat during the summer months because they cannot open their cell windows; and to a greater risk of death as a result of heat related illnesses, or death by asphyxiation in the event of a fire. There are inmates in the buildings that are adjacent to R – Unit (i.e. within 50 feet) that are general population units, whom are not subjected to these same dangers or risks. The Plaintiff believes this is in violation of the 8th Amendment Cruel and Unusual Punishment Clause; and a violation of the 14th Amendment Equal Protections Clause and the 14th Amendment Substantive Due Process Clause.

¶3      All through the grievance process, the question was posed to the Wisconsin Department of Correction Defendants as to what legitimate penological interest there was to denying the inmates in R – Unit assess to their windows. However, the institution and the reviewing authorities have utterly failed to address or provide an answer to this question.

¶4      An unstated fact that is well known in the institution among the inmates, is that if you make a staff member angry, or you are an inmate that is not liked for whatever reason by staff, you are placed in R – Unit or W – Unit, both of which are set up like maximum security segregation units with steel doors with traps in them; the showers are in the dayroom area, which are clearly visible to the male and female staff; all the cells are 'wet cells' and access to the windows has been intentionally blocked by screwing a sheet of Plexiglas over the window frame. So R – Unit in essence is a quasi-segregation unit where punishment is inflicted upon an inmate without the benefit of a Due Process hearing and is inflicted upon the inmates without limit.

¶5      It is the Defendant's intent to deprive the inmates in R – Unit equal treatment, to inflict punishment arbitrarily, and to intentionally expose them to conditions of confinement that unreasonably risk their lives without a legitimate penological interest in violation of the U.S. Constitution's 8th and 14th Amendments.

¶6      Defendant Judy P. Smith (**Warden Smith**) is the warden of Oshkosh Correctional Institution and as such, directly sets the policies and procedures enacted by her staff. The issue at bar has been presented to her in the grievance process and she has failed to take action that would provide relief from the unreasonable risk to the future health of the inmates effected or to provide relief from the unequal treatment being meted out by her staff. Moreover, Warden Smith has been the only warden at this prison since its opening in approximately 1992. The fact that

Plexiglas covers the windows in R-Unit was done by her order, or direction, or with her knowledge, and it cannot now be said to have escaped her knowledge.

¶7     Defendant Ed Wall (**Mr. Wall**), was alerted through the grievance process that this unequal treatment and these cruel and unusual circumstances exists within this prison under his control; however, Mr. Wall refused to take affirmation action to stop the violations of the constitutional rights of the inmates under his care.

¶8     Defendant Jon Litscher (**Mr. Litscher**), was formerly the Secretary for the Wisconsin Department of Corrections (**SDOC**) prior to Mr. Wall taking the position. Mr. Litscher than again stepped into the position after Mr. Wall resigned amid allegations of cruel and unusual punishment of minor children in his care. Mr. Litscher was SDOC during a portion of the of time that is covered in this suit, which would reasonably make him liable for the cruel and unusual punishment and the violation of the equal protections clause, equal to, if not more than, Mr. Wall. Thus, I contend that Mr. Litscher is a proper defendant in this suit and should be joined hereto. I believe that it may be revealed at trial that he was aware of the Plexiglas covers on the inmate windows in R and W Units, but than intentionally failed to take action. As such, if this court finds in favor of the plaintiff in this case, injunctive relief can be enforced upon Mr. Litscher.

## V.   AMENDED RELIEF YOU REQUEST

1. Declaratory Relief

2. Injunctive Relief – As to Defendants Judy P. Smith, Rexford Smith, and Jon Litscher, to remove the Plexiglas coverings from the windows in R and W Units permanently. Additionally, to impose sanctions of $100 per day per inmate effected until all the Plexiglas covers are removed. This sanction should be imposed starting within 48 hours after the ruling of the jury in favor the plaintiff and by order of this Honorable Court.

3. Compensatory Relief – Court Costs and Fees of Litigation plus reasonable compensation for my personal time to prosecute this action.

4. Punitive Damages in the amount of $250,000 against defendants Judy P. Smith, Rexford Smith, and Ed Wall, or an amount that is determined by a jury that is significantly great enough to deter all other persons employed by the Wisconsin Department of Corrections from acting in the same or similar manner.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding.

Complaint signed this 20th, day of April, 2016.

Signature of Plaintiff:

*[signature]*

David D. Austin II
Plaintiff – Pro Se

Cc: File
Katherine D. Spitz, electronically serviced by the Court, per court directive. (Dkt. 17)