IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. AUSTIN II,

                Plaintiff,

v.                                                OPINION & ORDER

JUDY P. SMITH, EDWARD WALL, and               15-cv-525-jdp
REXFORD SMITH,

                Defendants.

---

      Pro se plaintiff David D. Austin II filed this suit when he was a prisoner at Oshkosh Correctional Institution (OCI). He has since been released from prison and is now represented by counsel. Austin is proceeding on claims that OCI prison officials violated his constitutional rights. Specifically, Austin says that the plexiglass sheets covering the windows of all cells in the R-Unit block of OCI cause the cells to be extremely hot and potentially unsafe. He alleges that defendants are deliberately indifferent to the unreasonable health and safety risk posed by the permanently closed windows in his cell in violation of the Eighth Amendment and that sealing the windows in one unit of the prison constitutes arbitrarily unequal treatment in violation of the Fourteenth Amendment. Before obtaining counsel, Austin filed a motion for reconsideration of the court's screening order, Dkt. 18, a motion for class status, Dkt. 19, and a motion for leave to file an amended complaint, Dkt. 24. As explained in further detail below, I will grant the motion for reconsideration and motion to amend the complaint, but I will deny the motion for class status.

A.  Motion for reconsideration

Austin has filed a motion for reconsideration of the court's screening determination denying him leave to proceed on a due process claim. In particular, I stated the following regarding this claim:

> Plaintiff alleges that defendants violated his Fourteenth Amendment right to due process by placing him in a cell with plexiglass covering the windows without first giving him a hearing. But plaintiff cannot show that he has been deprived of any liberty protected by the due process clause. Plaintiff could succeed on this claim if his confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff was housed in the general population, and he does not allege transfer to a more restrictive environment. He alleges only that the plexiglass-covered windows in R-Unit pose an unhealthy condition of his confinement. But the coverings did not deprive plaintiff of any more liberty than general incarceration did. *Marion v. Radtke*, 641 F.3d 974, 876 (7th Cir. 2011) ("The due process clause requires hearings when a prisoner loses more liberty than what was taken away by the conviction and original sentence."). Without a liberty deprivation, plaintiff was not due any process before his placement in R-Unit. He has therefore failed to state a due process claim.

Dkt. 14, at 5.

In his motion for reconsideration, Austin argues that his complaint *does* allege that he was transferred from the general population P-Unit block to a more restrictive environment, the R-Unit block, without a hearing. In his complaint, Austin also alleges that OCI staff members transfer inmates they dislike to the R-Unit. And Austin alleges that P-Unit cells have windows without plexiglass coverings that can be opened by the inmates, whereas R-Unit cells have windows with plexiglass coverings.

Upon reconsideration, I will grant Austin leave to proceed on the due process claim. Transfer from a cell with a window that opens to a dangerously hot cell with a plexiglass

covering on the window may be a deprivation of liberty requiring due process. *Cf. Townsend v. Cooper*, 759 F.3d 678, 686-87 (7th Cir. 2014) (allowing prisoner to bring to trial Eighth Amendment and due process claims when he presented evidence that he was deprived of heat, in addition to other deprivations). Austin's Eighth Amendment and due process claims are closely intertwined; it is difficult to imagine Austin proving that the heat in R-Unit cells is an atypical and significant hardship requiring due process but not a denial of "the minimal civilized measure of life's necessities" prohibited by the Eighth Amendment. *Id.* at 687 (quoting *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2008)). But Austin has stated a claim for relief, and so I will allow him to proceed on this claim.

**B.  Motion for class status**

Austin has filed a "motion for class of one status," asking the court to grant him "class action status as a class of one." Dkt. 19, at 1. This confuses "class action" with "class of one." Austin may proceed on his equal protection claim under a class of one theory—no motion for "class of one status" is required. The body of Austin's motion addresses the requirements for class status under Federal Rule of Civil Procedure 23(a), so I construe this as a motion for leave to proceed as a class action. At the time Austin filed this motion, he was not represented by counsel. As I indicated in the screening order, a pro se litigant cannot fairly and adequately protect the interests of the class. Austin has since retained counsel and indicated that he intends to refile a motion for class status. I will dismiss the currently pending motion without prejudice. Should Austin, through counsel, file a motion for class status, I will give that motion proper consideration.

### C. Motion for leave to amend

Austin has filed a motion for leave to amend his complaint to (1) include a demand for jury trial; (2) include a request for punitive damages, (3) sue defendant Edward Wall, former secretary of the Wisconsin Department of Corrections, in his personal capacity only, and (4) name Jon Litscher, current secretary of the Wisconsin Department of Corrections, as a defendant in his official capacity. Dkt. 24. Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give leave [to amend the complaint] when justice so requires." This lawsuit is still in its early stages, and the court has set a scheduling conference to discuss possible amendments to the scheduling order, so there is no reason to think that defendants would be prejudiced by these changes. I will grant Austin's request and accept the amended complaint as the operative pleading in this case.

### ORDER

IT IS ORDERED that:

1. Plaintiff David Austin's motion for reconsideration, Dkt. 18, is GRANTED. Plaintiff is GRANTED leave to proceed on his due process claim against defendants Judy P. Smith, Edward Wall, Rexford Smith, and Jon Litscher.

2. Plaintiff's motion for class status, Dkt. 19, is DENIED.

3. Plaintiff's motion for leave to file an amended complaint, Dkt. 24, is GRANTED. The amended complaint is the operative pleading in this case. Plaintiff is GRANTED leave to proceed on all claims against defendant Jon Litscher.

Entered November 22, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge