IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. AUSTIN II,

                Plaintiff,

v.                                                     OPINION & ORDER

JUDY P. SMITH, EDWARD WALL,                       15-cv-525-jdp
REXFORD SMITH, and JON LITSCHER,

                Defendants.

---

    Plaintiff David D. Austin II, a former prisoner at Oshkosh Correctional Institution (OCI), filed this pro se action under 42 U.S.C. § 1983 against OCI prison officials. He alleges that the plexiglass sheets covering the windows of the cells in certain blocks of OCI cause the cells to be extremely hot and potentially unsafe. I allowed him to proceed against defendants on claims that they are deliberately indifferent to the unreasonable health and safety risks posed by the permanently closed windows in his cell in violation of the Eighth Amendment, that they transferred Austin to a unit containing the dangerous cells without due process in violation of the Fourteenth Amendment, and that sealing the windows in specific units of the prison constitutes arbitrarily unequal treatment in violation of the Fourteenth Amendment. Dkt. 14; Dkt. 42. I denied both of his motions to proceed as a class action because, at the time, he was not represented by counsel and so could not fairly and adequately protect the interests of the proposed class.

    Austin has since been released from prison and obtained counsel. Through counsel, he renews his motion for class action status. Dkt. 47. I interpret this as a motion to certify a proposed class under Federal Rule of Civil Procedure 23. I am satisfied that Austin can meet the requirements of Rule 23.

BACKGROUND

Austin was incarcerated in the P-Unit block of OCI and was then transferred to the R-Unit block without a hearing. R-Unit is a general population unit that houses more than 200 inmates. Austin alleges that OCI staff members transfer inmates they dislike to R-Unit and W-Unit, "both of which are set up like maximum security segregation units with steel doors with traps in them; . . . access to the windows has been intentionally blocked by screwing a sheet of Plexiglas over the window frame." Dkt. 25, at 7. Because of the lack of ventilation, the cells are 15 to 25 degrees hotter than the temperature outdoors and 10 degrees hotter than the common areas in the prison.

Austin voiced his concerns about the plexiglass coverings to defendant Rexford Smith, the R-Unit manager, but Smith did not uncover the windows. Austin filed grievances on behalf of himself and the other inmates in R-Unit. The institution complaint examiner investigated Austin's complaints and responded, explaining that state engineers determined that there was sufficient air flow in the cells.

Austin filed his complaint in this court on August 19, 2015. He was released from prison in June 2016.

ANALYSIS

Austin has moved for class certification of his claims under Rule 23. He proposes a Rule 23 class of:

> inmates currently housed at the Oshkosh Correctional Institution who were housed in R Unit prior to May of 2016 and W Unit prior to March of 2016.

This definition includes potential plaintiffs whose claims may be barred by the applicable statute of limitations. "[T]o determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Wisconsin's six-year statute of limitations for personal rights claims applies to Austin's claims. *See* Wis. Stat. § 893.53. Austin filed suit on August 19, 2015, so for potential plaintiffs' claims to be timely, they must have accrued—in other words, the statute of limitations must have started running—no earlier than August 19, 2009. Claims concerning continuing Eighth Amendment violations, such as Austin's claims, accrue on the date of the last incidence of the violation, that is, the last day of confinement in the cell at issue. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). I will revise Austin's definition as follows:

> inmates currently housed at the Oshkosh Correctional Institution who were housed in R Unit between August 19, 2009, and April 30, 2016, or who were housed in W Unit between August 19, 2009, and February 28, 2016.

The court will certify a class action only if, "after a rigorous analysis," it is satisfied that the plaintiff has met the requirements of Rule 23. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (quoting *Gen. Tele. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160-61 (1982)). Under Rule 23(a), the proposed class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation. The class must also satisfy one subsection of Rule 23(b). In this case, Rule 23(b)(3) applies; it requires a showing that the common issues predominate over other issues and that the class action method provides the best way to resolve those issues.

A. **Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." There is no explicit cut-off, but the Seventh Circuit has found classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). Austin contends that the proposed class would include more than 2000 inmates. Austin adduces no evidence in support of his contention, but defendants do not challenge the numerosity of the proposed class, and it is a foregone conclusion that the number of inmates housed in two blocks of OCI over a six-year period will be large enough that joinder would be impracticable. Although factual inquires, including receipt of evidence, are sometimes necessary to resolve factual disputes before certifying a class under Rule 23, *see Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001), there is no factual dispute here, so I conclude that Austin satisfies the numerosity requirement.

B. **Commonality**

Rule 23(a)(2) requires "questions of law or fact common to the class." "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014). Austin claims that defendants engaged in a standard practice of transferring the proposed class members, all general population inmates, to extremely hot and potentially unsafe cells without due process, giving rise to deliberate indifference, equal protection, and due process claims. Defendants do not challenge the commonality requirement. The commonality requirement is satisfied.

4

## C. Typicality

Rule 23(a)(3) requires "claims or defenses of the representative parties [to be] typical of the claims and defenses of the class." If the class representatives' claims have "the same essential characteristics" as the class members' claims, then the requirement is satisfied. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Here, Austin's claims are identical to those of the proposed class. He satisfies the typicality requirement.

## D. Adequacy of representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." This involves two inquires: (1) whether the class representatives' interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

Defendants contend that Austin's interests are not aligned with the proposed class members' interests because, having been released from prison in June 2016, his claim for injunctive relief is moot. Austin will focus on the recovery of monetary damages, they argue, while the class members will have a stronger interest in injunctive relief. I am not persuaded for two reasons.

First, the fact that Austin has been released from prison does not bar the class from pursuing injunctive relief. Although Austin's individual claim for injunctive relief may be moot, there is an exception to the mootness doctrine in class actions when a claim is "so 'inherently transitory' that it is uncertain that any member of the class would maintain a live controversy long enough for a judge to certify a class." *Olson v. Brown*, 594 F.3d 577, 580

(7th Cir. 2010). The "inherently transitory" exception applies when "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Id.* at 582 (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)). Because OCI officials may transfer inmates in and out of R-Unit and W-Unit at any time, an individual inmate's length of incarceration cannot be determined at the outset, but there will be a constant class of inmates housed in these units. *See id.* at 582; *see also Richardson v. Monroe County Sheriff*, No. 08-cv-174, 2008 WL 3084766, at *2-3 (S.D. Ind. Aug. 4, 2008) (finding plaintiff had standing to pursue class certification on claims of injunctive and declaratory relief even though he filed a proposed class action lawsuit five days before his scheduled release from jail).

Second, the mere fact that Austin's individual claim for injunctive relief may be moot does not mean that he does not have the ability or incentive to vigorously represent the claims of the class. *See Richardson*, 2008 WL 3084766, at *5. "The fact that some plaintiffs . . . may also be entitled to monetary damages does not in and of itself create a conflict of interest between those plaintiffs and others whose relief is limited to declaratory or injunctive relief." *Hispanics United of DuPage County v. Village of Addison*, 160 F.R.D. 681, 690 (N.D. Ill. 1995). Austin began this litigation pro se and has demonstrated a sincere interest in vigorously pursuing this litigation. His actions thus far show that his interests are adequately aligned with those of the class.

As for the capabilities of class counsel, defendants do not challenge this requirement. The lack of a challenge may be enough to satisfy the adequacy of class counsel requirement. *See Gomez v. PNC Bank, Nat'l Ass'n*, 306 F.R.D. 156, 173 n.11 (N.D. Ill. 2014) ("PNC does

6

not challenge Bell's counsel's adequacy so the Court will not address it."). Although Austin's counsel's briefing in this case has been extremely limited, and his brief in support of his motion for class certification was devoid of legal citation or evidentiary support, he has adequately represented Austin so far. Austin's counsel indicates in his brief that he has previously litigated class actions, is knowledgeable of the applicable law, and will commit his firm's resources to representing the class. He does not provide evidence, such as an affidavit, to support these contentions, but I do not perceive any issues with counsel's ability to represent the proposed class that would prohibit certification under Rule 23.

**E. Rule 23(b)(3)**

Austin seeks monetary damages and injunctive and declaratory relief. Defendants contend that because Austin seeks monetary damages, he must seek certification under Rule 23(b)(3). This is not necessarily true. A class requesting monetary relief "incidental to the injunctive or declaratory relief" may seek certification under Rule 23(b)(2). *Chicago Teachers Union, Local No. 1 v. Board of Educ.*, 797 F.3d 426, 443 (7th Cir. 2015). But because Austin does not argue that monetary damages would be incidental to the equitable relief he requests, I will analyze his motion for class certification under Rule 23(b)(3). *See Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 581-82 (7th Cir. 2000) (providing three options for cases involving both forms of relief, including certification under Rule 23(b)(3)). Rule 23(b)(3) requires that common questions predominate over individualized questions and that the class action device is superior to another method of adjudication. To determine whether that is the case, courts consider the class members' interests in individually controlling their own claims, the nature and extent of any other litigation about the

7

controversy, the desirability of concentrating the litigation here, and any management challenges that the case may present.

First, although class members have an interest in controlling their own claims, they also have an interest in the efficient resolution of their claims, which the class action would provide. Individually litigating each class member's claims would be expensive and time consuming. Second, there is no indication that any of the class members have other litigation related to the claims at issue in this case. Third, consolidating the issues into one case and resolving them is efficient. And finally, proceeding as a class does not present manageability issues. As alleged in the complaint, all class members were subject to the same practice of transfer to extremely hot and potentially unsafe cells, and they present the same issues for resolution. Although their potential damages may vary in amount, those variations do not ameliorate the benefits of proceeding as a class action. Collectively resolving the issues in this case as a class action would achieve economies of time and expense, and it is the best way to proceed. I conclude that common questions predominate.

I will grant Austin's motion for certification of the Rule 23 class.

ORDER

IT IS ORDERED that plaintiff David Austin's motion for certification of a class, Dkt. 47, is GRANTED.

Entered March 9, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge