IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. AUSTIN II,

      Plaintiff,

v.                 ORDER

JUDY P. SMITH, EDWARD WALL,      15-cv-525-jdp
REXFORD SMITH, and JON LITSCHER,

      Defendants.

---

  Plaintiff David D. Austin II, a former prisoner at Oshkosh Correctional Institution (OCI), alleges that the plexiglass sheets covering the windows of the cells in certain blocks of OCI cause the cells to be extremely hot and potentially unsafe. He is proceeding against defendants on claims that they are deliberately indifferent to the unreasonable health and safety risks posed by the permanently closed windows in the cells in violation of the Eighth Amendment, that they transferred inmates to units containing the dangerous cells without due process in violation of the Fourteenth Amendment, and that sealing the windows in specific units of the prison constitutes arbitrarily unequal treatment in violation of the Fourteenth Amendment.

  On March 9, 2017, I allowed the case to proceed as a class action under Federal Rule of Civil Procedure 23(b)(3). Dkt. 49. A month later, Magistrate Judge Stephen Crocker set the litigation schedule for the case, culminating in a July 30 trial. Dkt. 51. In January 2018, Judge Crocker extended the dispositive motion deadline by one month at Austin's request with a warning that "Judge Peterson does not intend to move the July 30, 2018 trial date." Dkt. 73; *see also* Dkt. 75. Later that month, I approved Austin's proposed class notice and directed him

to mail it to each class member by February 26, 2018. Dkt. 83 and Dkt. 86. On March 2, the parties filed their summary judgment motions and defendants moved to decertify the class. *See* Dkt. 102; Dkt. 103; Dkt. 114; Dkt. 123. Now, Austin moves to extend the briefing schedule on the summary judgment and decertification motions, to extend the deadline for disclosing damages expert reports, and to supplement the list of class members previously filed with the court, citing difficulties in obtaining discovery concerning the class members. Dkt. 146 and Dkt. 147.

I begin with the list of class members. It appears that the list of potential class members, which was prepared with the assistance of the Wisconsin Department of Corrections (DOC), was incomplete. The parties have now updated the records. Austin asks for permission to supplement the class list he previously filed with his proposed notice. As a procedural matter, Austin does not need to formally supplement the class list. The real issue is that notice was not sent to some class members by the February 26 deadline. So I will construe Austin's motion as one for leave to extend the deadline for mailing class notices. I will grant the motion and set a new deadline.

I turn now to the deadline extensions Austin seeks. The parties—specifically Austin and the "state defendants" (all defendants other than Edward Wall)—have had trouble completing discovery of potential class members' DOC records, especially their medical records. I won't address the specifics of those discovery issues because it appears that counsel are working together to resolve these issues and neither side has filed a motion to compel or a motion for a protective order. But Austin contends that several extensions are necessary because he has not yet received much of the discovery he has requested. He wants the deadlines for the parties' summary judgment responses and damages expert disclosures extended to "60 days from

receipt of sufficient medical, health services, and social services records" and the decertification response deadline extended until after the court's ruling on summary judgment. Dkt. 147, at 3. The state defendants do not expressly oppose Austin's motion. They admit that they still have "at least 500,000 more pages" of discovery to produce, which they anticipate disclosing to Austin within the next few weeks. Dkt. 153, at 5. Wall opposes Austin's requests, except as to the damages-expert-disclosure deadline. Wall argues that he isn't involved in the discovery production issues and that Austin hasn't shown a need for the additional discovery in relation to Wall's summary judgment motion.

It is clear that the parties require more time to obtain the voluminous records needed to litigate this class action. So despite my earlier intention of not moving the trial date, I will grant Austin's motion in part and allow him to review pertinent discovery that he previously requested before responding to defendants' summary judgment and decertification motions and before disclosing his damages expert reports. To keep the litigation as orderly as possible, I will keep Wall's summary judgment motion on the same schedule as the other motions. But Austin has not justified the lengthy, open-ended deadlines he requests—60 days is an unreasonable amount of time to complete opposition briefing after receiving pertinent discovery, considering that the court's standard schedule allows for 21 days, and there is no apparent reason to delay briefing on the decertification motion even more. So I will direct the clerk of court to set a scheduling conference before Judge Crocker to schedule a single deadline for Austin's damages expert disclosures and all opposition briefs to the pending summary judgment and decertification motions, to be scheduled approximately 21 days after the state defendants expect to complete production of the discovery Austin has already requested, and to reset the remainder of the trial calendar in light of these modifications. The parties should

be prepared to present to Judge Crocker a reasonable estimate of the discovery-completion date.

ORDER

IT IS ORDERED that:

1. Plaintiff David Austin's motion for leave to extend the deadline for mailing class notices, Dkt. 146, is GRANTED. Plaintiff may have until April 17, 2018, to mail notice to each class member.

2. Plaintiff's motion to extend the litigation schedule, Dkt. 147, is GRANTED in part.

3. The clerk of court is directed to set a scheduling conference before Magistrate Judge Stephen Crocker.

Entered April 3, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge