IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. AUSTIN II,

                Plaintiff,

v.                                                                         ORDER

JUDY P. SMITH, EDWARD WALL,                            15-cv-525-jdp
REXFORD SMITH, and JON LITSCHER,

                Defendants.

---

Plaintiff David D. Austin II, a former prisoner at Oshkosh Correctional Institution (OCI), alleges that the plexiglass sheets covering the windows of the cells in certain blocks of OCI cause the cells to be extremely hot and potentially unsafe. I have allowed the case to proceed as a class action on claims under the Eighth and Fourteenth Amendments. After nearly three years of litigation and several scheduling extensions, the October 22, 2018 trial date is finally on the horizon. The parties' cross-motions for summary judgment are fully briefed and ready for a decision. At this late stage, Austin has moved for leave to disclose a "rebuttal liability expert" and for an order allowing that expert to inspect OCI. Dkt. 179. I will deny the motion.

More than a year ago, Magistrate Judge Stephen Crocker issued a scheduling order clearly identifying the deadlines for disclosing liability experts: the first round of disclosures, by Austin, was due by October 27, 2017; the second round of disclosures, by defendants, was due on December 22, 2017. The scheduling order also clearly explained that "[t]here shall be no third round of rebuttal expert reports." Dkt. 51, at 1. If, despite this clearly established disclosure sequence, Austin needed a rebuttal expert, he should have raise the issue before the end of May 2018.

Characterizing Austin's motion as one for leave to disclose a garden-variety liability expert past the deadline doesn't help him, either. Under Federal Rule of Civil Procedure 37(c)(1), when a party fails to disclose an expert witness by the deadline set by the court, "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial." These sanctions are "automatic and mandatory . . . unless [the] non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Austin has not justified his late disclosure: he blames defendants' alleged failure "to timely provide documents and medical records," Dkt. 201, at 3, but there's no indication that he requested discovery before the October 27 disclosure deadline—the first time he notified the court of discovery issues was in March 2018 when he requested an extension of the dispositive motions deadline and the damages expert disclosure deadline. *See* Dkt. 147. If he believed he needed additional time to disclose his liability experts, he should have said so then.

Nor has Austin established that his late disclosure would be harmless. Trial is less than four months away, and Austin's expert has not yet produced a report—he cannot do so, according to Austin, until he inspects OCI. Scheduling an inspection of OCI, allowing the expert the time to draft his report, and allowing defendants the opportunity to depose him and secure supplemental responsive opinions would take at least four months, which means that granting Austin's motion would require rescheduling trial yet again.

Because Austin has not shown that his late disclosure would be justified or harmless, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff David Austin II's motion for leave to disclose a liability expert witness, Dkt. 179, is DENIED.

Entered July 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge